## Mathilda Schneider v. John A. Burke and William S. Agar.

1. REPLEVIN—*When it Lies.*—Replevin can be maintained to recover property, taken under execution, where said property is not in the possession of and does not belong to the execution debtor.

2. EXECUTION—*When Issued Within Twenty Days After Entering Judgment.*—The statute forbids the issue of execution by a justice of the peace in a civil case until after the expiration of twenty days, unless the party applying for the same makes oath that he believes the debt will be lost unless execution is issued forthwith.

3. PRESUMPTIONS—*As to Justices Requiring Oath Before Issuing Execution.*—There are no presumptions in favor of a justice having required the oath as required by statute when issuing execution prematurely.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 19, 1899.

This is an action in replevin. The facts in the case are substantially as follows: One George Diehl and Marie Diehl, his wife, being apparently indebted to one Berger for $1,000, made their judgment note, dated October 27, 1896, for that amount, and to secure said note executed a chattel mortgage upon their household goods, which was duly acknowledged and recorded in accordance with the statute. In November following, said note and chattel mortgage were assigned by the holder to one George Schneider. April 26th, following, appellee Agar recovered a judgment against George Diehl for $200 before a justice of the peace, and execution was the same day issued

Schneider v. Burke.

thereon. Nine days thereafter the attorney of appellee Agar addressed a letter to Mrs. Diehl, stating that he had procured this judgment against her husband, that the latter had filed a schedule stating that said household goods were subject to the mortgage, but that he, said attorney, did not care anything for the mortgage, and should proceed immediately to levy if the judgment was not paid. This letter was brought to the knowledge of Schneider, the holder of the mortgage, about May 5th, and he then decided to foreclose. This was done, and the property sold May 15th to appellant. After the sale the property was all removed by appellant, the purchaser, to a house of her own which was then vacant, and Mrs. Diehl, who is the daughter of appellant, was allowed to move into the same house. May 22d thereafter appellee Burke, who is a constable, accompanied by appellees' attorney, proceeded to this house belonging to appellant, where the goods in question were, and where Mrs. Diehl and her daughter were then living, and levied upon the property which this suit was brought to recover.

The case was submitted to the court, a jury having been waived; the issues were found in favor of appellees and judgment rendered accordingly. From that judgment this appeal is prosecuted.

LACKNER, BUTZ & MILLER, attorneys for appellant.

OTHO D. SWEARINGEN, attorney for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

According to the statement of appellees' counsel in his brief, the only question in dispute was the issue raised by the pleas alleging that the property in question was the property of George Diehl, against whom the execution ran, under which the levy was made.

Appellant introduced in evidence a note for $1,000, made by George and Marie Diehl, payable to one Robert Berger, the chattel mortgage securing the same upon the property

in controversy, and the bill of sale conveying the property to appellant, as the highest bidder therefor at public auction, under the chattel mortgage sale. Evidence was then introduced tending to show that appellant immediately took possession of the property so purchased by her, and moved it into a house of her own; that Mrs. Diehl and her daughters, their home being thus broken up, were permitted to go there, and that George Diehl and his son were living elsewhere at the time. This certainly made out a *prima facie* case in favor of appellant's right to the possession of the property. This evidence was not rebutted nor in any way denied. Appellee Burke testified that when he made the levy Mrs. Diehl said she was the owner of the property, and one of his appraisers who was with him corroborates him in this. They are contradicted in this respect by Mrs. Diehl's daughter. But assuming that Mrs. Diehl did make such statement, it is difficult to see how it tended to prove title in George Diehl, the husband, against whom alone the execution ran. That there was an actual change of possession and an open transfer of the property to appellant's possession is manifest from the uncontradicted evidence, and there is no evidence whatever in the record tending to show that it belonged to or was in the possession of the execution debtor, George Diehl.

The point is made by appellant that the execution under which the levy was made was issued by the justice of the peace the same day upon which he entered judgment, and there is no evidence that the party applying for the same made oath, as required by statute, that he believed the debt would be lost unless execution issued forthwith. Without such oath, the statute forbids the issue of execution by a justice of the peace in a civil case until after the expiration of twenty days. There are no presumptions in favor of such an act of a justice of the peace, whose jurisdiction is inferior and limited. But it is not now necessary to consider in this case the effect of an execution so prematurely issued.

The judgment of the Circuit Court must be reversed and the cause remanded.